**PLEADINGS**

U.S. District Court
Attn: Clerk's Office



Amazon Moru Studio

V.

Plaintiff,

Emoji Company GmbH

Defendant,

CaseNo.:1:23−cv−14925

Honorable John F. Kness

Dear Sir or Madam,

I hope this email finds you well. My name is Rosa Lee, the owner of Moru Studio operates the business as the Individual. I am the Defendant in the case referenced above. I am writing to formally oppose the motion for a preliminary injunction filed by Emoji Company GmbH. I understand that the Court has taken the motion under advisement and will consider the motion unopposed if no objection is raised by any Defendant on or before January 2, 2024, as stated in the Court's Minute Order [Dkt. No. 67]. In response to Plaintiff's claims outlined in the complaint, I present my opposition to three primary allegations and would like to highlight the following key points:

Firstly, Trademark Infringement and Counterfeiting:

a. Use of Common Terminology: The term "emoji" is widely recognized as a common noun, referring to a simple graphic representation used in digital communication to convey emotions, states, or various concepts, as described on Wikipedia. This term is treated as a generic noun with a universal meaning, as evidenced by its common usage in everyday language and its representation in various digital icons. The Defendant created and sold hoop earrings featuring smiling faces, using the term with a title "Smiley Face Hoop Earring • Happy Face Emoji Earrings" (file 1) to describe the product's smiling face in its general, non-trademarked sense. The use of the term was not intentional infringement on the Plaintiff's trademark rights or an attempt to gain undue advantage or produce counterfeit goods. The Defendant was unaware of the term "emoji" being a trademark and
used it as a common noun for product description purposes.

b. Distinctive Product Features: The Defendants' Smiling Face Hoop Earrings, exemplified by the attached images (file 2), distinctly feature a smiling face with three black lines and small lines at the corners of the mouth, differentiating them from Emoji Company GmbH's offerings.

c. Limitation of Trademark Rights: To the best of my knowledge, the Plaintiff initially filed the lawsuit in the United States Northern District Court of Illinois on October 16, 2023, and submitted a trademark application for the jewelry sector on October 19, 2023, as evidenced by The United States Patent and Trademark Office (USPTO) (Serial Number: 98230525), and attached file 10. However, as of December 1 (the date when the defendant was first notified about the complaint by Amazon), the status of trademark number 98230525 was PENDING, making it ineffective for jewelry. In other words, this confirms that Emoji Company GmbH's trademark rights were restricted to non-jewelry categories as of December 1, 2023. Given that the listing containing the term 'emoji' was permanently removed on November 15, 2023, and the Plaintiff's trademark for the jewelry sector was neither live nor registered at that time, the Defendant asserts that the earrings fell outside the scope of the Plaintiff's trademark protection. I have attached the confirmation email from Amazon regarding the product removal (file 3).
In summary, the products exhibit distinctive features, the term "emoji" was used in its general sense. Furthermore, at the time of filing the lawsuit and the application for a preliminary injunction, the plaintiff did not have trademark rights effective in the jewelry sector. Moreover, considering that

the disputed products were removed on November 15, the claims of trademark infringement made by the plaintiff are unwarranted.

Secondly, Misrepresentation of Origin: Plaintiff's claims that defendants are accused of inaccurately labeling the origin of counterfeit products, leading to consumer confusion and instigating legal action for misrepresentation of origin. The earrings were handmade by the Defendant, operating a store on Amazon named "Moru Studio." All of our products on Amazon including the earrings, the accurate origin, "South Korea", was clearly specified, debunking claims of misrepresentation.

Thirdly, Deceptive Trade Practices Violation:
The Plaintiff contends that the Defendants misled consumers into perceiving their online store as an official sales channel of the Plaintiff through deceptive means such as imitating website layouts, logos, and payment methods. However, there is no evidence to suggest
that the Defendant has engaged in the sale or distribution of counterfeit products bearing Emoji Company GmbH's trademarks. The attached document of Moru Studio shop front page (file 4) clearly demonstrate that the Defendant operates under the distinct brand name "Moru Studio".

a. Identity Transparency: The Defendant operates a single online store, transparently disclosing the proprietor's identity as Rosa Lee, in accordance with all legal requirements. Attached screenshots further validate consistent identity on the market place (file 5).

b. Amazon Compliance: In adherence to the recent INFORM Consumers Act, the Defendant submitted comprehensive personal information to Amazon for verification, including name, government-issued identification, business address, bank details, email, phone number, and tax identification. Verification completion and ongoing Amazon account health rate are evidenced in the attached documentation (file 6). If necessary, the Defendant is willing to request verification completion documentation from Amazon and submit it as proof under the INFORM Consumers Act.

c. Positive Feedback from Customers: On April 21, 2016, the Defendant first opened the Amazon store to sell products (file 7). The Defendant have been operating an Amazon store for the past eight years, building relationships with customers and maintaining transparent transactions, resulting in positive reviews and feedback, as evidenced by file 8. The Defendant has consistently adhered to all relevant trade practices for the past 8 years and has not engaged in deceptive trade practices, or conducting secretive transactions by hiding one's identity, as alleged by Emoji Company GmbH.

Lastly, the Defendant's total sales from the relevant product (Amazon ASIN: B0BRJ4D5XX), inclusive of shipping charges, amount to $78 USD, as shown in the attached screenshot (file 9). Considering the modest sales figures and the limited impact on prominence, it is crucial to carefully evaluate the alleged trademark infringement. It is also important to note that the listings in question had been removed on November 15, predating the Plaintiff's initial legal notice of December 21st. Despite having already removed the listings, the plaintiff submitted a complaint against us on Amazon, resulting in the Defendant not receiving any funds since December 1st.

The Defendant's Amazon account is the sole business, and the hold on it has caused significant financial difficulties. Your consideration of this matter would be greatly appreciated.
In light of this incident, I, the Defendant, acknowledge that 'emoji' is a registered trademark, and I am aware of its legal status. I hereby commit that, moving forward, I will refrain from using the term 'emoji' in any manner that may infringe upon or violate its trademark rights. The Defendant kindly requests that the Court consider the Defendant's objections and takes them into account when making a decision regarding the preliminary injunction. I have uploaded all relevant PDF documents via the Court's public website to provide supporting evidence for my claims. If the Court requires any further information or clarification, I am more than willing to provide it promptly. Thank you for your attention to this matter. I trust that the court will carefully consider the objections and evidence presented in reaching a fair decision.

Sincerely,
Rosa Lee
Morustudio@gmail.com
8 Baekseokdong 1-gil
Jongno-gu, Seoul 03032
South Korea

## File_1_The Product Listing Page Screenshot_23-cv-14925_Amazon_Moru Studio



**File_2_Product Comparison_23-cv-14925_Amazon_Moru Studio**

# emoji



# Moru Studio



## File_3 Confirmation of Product Removal_23-cv-14925_Amazon_Moru Studio

 Rosa Lee <morustudio@gmail.com>

**Your Amazon.com selling account**

**Amazon** <no-reply@amazon.com>  Wed, Nov 15, 2023 at 5:24 PM
Reply-To: Amazon <no-reply@amazon.com>
To: morustudio@gmail.com



```
Hello from Amazon,

We are writing to inform you that we removed some of your listings and your
disbursements from your seller account have been placed on hold. We took this
action in accordance with a Temporary Restraining Order issued by a federal
court. Items that infringe another party's copyright, patent, trademark, design
right, database right, or other intellectual property or other proprietary right
are prohibited. For more information on this policy, search on "Prohibited
Content" in seller Help.

To resolve this dispute, we suggest that you contact the rights owner directly:
```



```
If you resolve this matter with the rights owner, please advise them to contact
us to withdraw their complaint.

Please be advised that we are not in a position to provide any further
information regarding this action, nor to address any messages directed to us in
appeal. We may not respond to further emails about this issue.

Failure to comply with our policies may result in the removal of your Amazon.com
selling privileges.

We appreciate your cooperation.

Listings Removed: B0BRJ4D5XX


Sincerely,
Seller Performance Team
Amazon.com
```

SPC-USAmazon-52778420777014

## File_4_Shop Front Page_23-cv-14925_Amazon_Moru Studio



## File_5_Store Address_23-cv-14925_Amazon_Moru Studio



## File_6_INFORM Consumers Act Verified by Amazon_23-cv-14925_Amazon_Moru Studio



## File_7_First Registered on Amazon_23-cv-14925_Amazon_Moru Studio



## File_8_Voice Of Customers_Excellent_23-cv-14925_Amazon_Moru Studio



**File_9_Total Sales Amount _23-cv-14925_Amazon_Moru Studio**

**Sold a total 5 items.**



**Earned 78.10 USD with 5 items.**



## File_10_Filing Date of Trademark_23-cv-14925_Amazon_Moru Studio

| | |
|---|---|
| Generated on: | This page was generated by TSDR on 2024-01-02 11:50:15 EST |
| Mark: | EMOJI |

*Emoji*

| | | | |
|---|---|---|---|
| US Serial Number: | 98230525 | Application Filing Date: | Oct. 19, 2023 |
| Register: | Principal | | |
| Mark Type: | Trademark | | |
| TM5 Common Status Descriptor: | | LIVE/APPLICATION/Awaiting Examination | |
| | | The trademark application has been accepted by the Office (has met the minimum filing requirements) and has not yet been assigned to an examiner. | |
| Status: | New application awaiting assignment to an examining attorney. See current trademark processing wait times for more information. | | |
| Status Date: | Oct. 25, 2023 | | |

### Mark Information

| | |
|---|---|
| Mark Literal Elements: | EMOJI |
| Standard Character Claim: | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| Mark Drawing Type: | 4 - STANDARD CHARACTER MARK |

### Foreign Information

| | | | |
|---|---|---|---|
| Foreign Registration Number: | 017942513 | Foreign Registration Date: | Apr. 12, 2014 |
| Foreign Application/Registration Country: | EUROPEAN UNION | Foreign Expiration Date: | Aug. 09, 2033 |

### Goods and Services

Note:
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| For: | Jewellery, clocks, wristwatches and watches | | |
| International Class(es): | 014 - Primary Class | U.S Class(es): | 002, 027, 028, 050 |
| Class Status: | ACTIVE | | |
| Basis: | 44(e) | | |

### Basis Information (Case Level)

| | | | |
|---|---|---|---|
| Filed Use: | No | Currently Use: | No |
| Filed ITU: | No | Currently ITU: | No |
| Filed 44D: | No | Currently 44E: | Yes |
| Filed 44E: | Yes | Currently 66A: | No |

| | | | |
|---|---|---|---|
| **Filed 66A:** | No | **Currently No Basis:** | No |
| **Filed No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | emoji company GmbH |
| **Owner Address:** | Necklenbroicher Strasse 52-54<br>Meerbusch GERMANY 10128 |
| **Legal Entity Type:** | gesellschaft mit beschränkter haftung (gmbh) |
| **State or Country Where Organized:** | GERMANY |

## Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| **Attorney Name:** | Marijan Hucke | **Docket Number:** | 03002 |
| **Attorney Primary Email Address:** | m.hucke@huckelaw.com | **Attorney Email Authorized:** | Yes |

### Correspondent

| | | | |
|---|---|---|---|
| **Correspondent Name/Address:** | MARIJAN HUCKE<br>HUCKE & SANKER PLLC<br>1732 1ST AVE STE 27500<br>NEW YORK, NEW YORK UNITED STATES 10128 | | |
| **Phone:** | 646-396-0410 | **Fax:** | 6463960411 |
| **Correspondent e-mail:** | m.hucke@huckelaw.com e.sal@huckelaw.com | **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Oct. 25, 2023 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Oct. 23, 2023 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

### TM Staff Information

| | | | |
|---|---|---|---|
| **TM Attorney:** | | **Law Office Assigned:** | Not Assigned |

### File Location

| | | | |
|---|---|---|---|
| **Current Location:** | NEW APPLICATION PROCESSING | **Date in Location:** | Oct. 25, 2023 |