

**CLEVELAND | KRIST** PLLC

IBITUROKO-EMI LAWSON
elawson@clevelandkrist.com
(737) 931-7691

January 2, 2024

**VIA ECF**

The Honorable John F. Kness
United States District Court, Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

> Re: ***Emoji Company GmbH v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto***, Case No. 1:23-cv-14925
> **Opposition to Preliminary Injunction**

Dear Judge Kness:

In accordance with the Court's December 27, 2023 Order, I write on behalf of Gem Wares in opposition to the imposition of a preliminary injunction.

Gem Wares is a family-owned and operated e-commerce brand based in Idaho. It specializes in novelty mugs and averages $12,000 in annual profit.

Gem Wares first learned of the existence of this litigation on December 1, 2023 after it received an email from Amazon that it was subject to a temporary restraining order because of a product that Gem Wares had taken off the market weeks earlier. The email from Amazon also informed Gem Wares that all $10,000 of its funds would be frozen indefinitely and encouraged Gem Wares to contact Emoji directly to attempt to resolve the matter. Over the next several weeks, Gem Wares's owners and the undersigned counsel tried to do just that. But all of Gem Wares's emails, phone calls, and voice messages to the counsel of record for Emoji went unanswered.

Then, on December 28, Gem Wares received its first direct communication from Emoji. The email from Mr. Kalbac contained a copy of the Court's order advising Emoji to "serve all ***remaining*** Defendants" with notice that it had taken Emoji's preliminary injunction under advisement and that all objections should be filed no later than January 2, 2024. *See* ECF No. 67 (emphasis added). This notice was troubling because Emoji dismissed its claims against Gem Wares on December 19, 2023 (again, without notifying Gem Wares). ECF No. 57. And Emoji's Motion for Preliminary Injunction seeks a preliminary injunction against "Defendants identified in Amended Schedule A. [Dkt. No.

---

Cleveland Krist PLLC | 303 Camp Craft Rd., Suite 325 | Austin, Texas 78746 | www.clevelandkrist.com

**CLEVELAND | KRIST** PLLC | January 2, 2024

59]" Gem Wares is not among the entities identified on Amended Schedule A. *See* ECF Nos. 59–60.

Based on this record, Gem Wares should not be subject to the motion currently under consideration. But out of an abundance of caution, Gem Wares writes to you to object to the imposition of a preliminary injunction because Emoji cannot meet any of the four elements required. First, Emoji is not likely to succeed on the merits because there are no claims against Gem Wares. Second, Emoji cannot demonstrate irreparable harm if the preliminary injunction isn't granted. There is no evidence to support Emoji's claim that Gem Wares is causing it to suffer "diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales," ECF No. 11 at 27, particularly when Gem Wares stopped selling the allegedly infringing product before the TRO was in place. Third, the balance of hardships is in Gem Wares's favor. As stated above, Gem Wares is small, US-based company. Freezing the company's meager assets would be catastrophic. Moreover, Emoji has not attempted to show that the requested asset freeze is consistent with an amount it could reasonably expect to recover if it prevailed. Finally, an injunction against Gem Wares does not serve the public interest. To the contrary, granting Emoji's preliminary injunction in a matter where it has shirked its obligation to provide Gem Wares proper notice of its claims would disserve the public's interest in guaranteeing that adverse parties are afforded the opportunity to be heard. So, to the extent Emoji is seeking a preliminary injunction against Gem Wares, it should be denied.

Sincerely,

*/s/ Ibituroko-Emi Lawson*

Ibituroko-Emi Lawson