**Your opinion is important to us** Click Here to take our Customer Service Survey




---

**From:** morustudio@gmail.com <morustudio@gmail.com>
**Sent:** Tuesday, January 2, 2024 8:22 AM
**To:** Customer_Inquiry <Customer_Inquiry@ilnd.uscourts.gov>
**Subject:** Appeal Notice for Case No. [23-cv-14925] – Opposition to Preliminary Injunction Motion
**Importance:** High

**CAUTION - EXTERNAL:**

Dear Michael Wade, I hope this email finds you well. My name is Rosa Lee, the owner of Moru Studio operates the business as the Individual. I am the Defendant in the case referenced above. I am writing to formally oppose the motion for a preliminary injunction filed by Emoji Company GmbH. I understand that the Court has taken the motion under advisement and will consider the motion unopposed if no objection is raised by any Defendant on or before January 2, 2024, as stated in the Court's Minute Order [Dkt. No. 67]. In response to Plaintiff's claims outlined in the complaint, I present my opposition to three primary allegations and would like to highlight the following key points: Firstly, Trademark Infringement and Counterfeiting: a. Use of Common Terminology: The term "emoji" is widely recognized as a common noun, referring to a simple graphic representation used in digital communication to convey emotions, states, or various concepts, as described on Wikipedia. This term is treated as a generic noun with a universal meaning, as evidenced by its common usage in everyday language and its representation in various digital icons. The Defendant created and sold hoop earrings featuring smiling faces, using the term with a title "Smiley Face Hoop Earring • Happy Face Emoji Earrings" (file 1) to describe the product's smiling face in its general, non-trademarked sense. The use of the term was not intentional infringement on the Plaintiff's trademark rights or an attempt to gain undue advantage or produce counterfeit goods. The Defendant was unaware of the term "emoji" being a trademark and used it as a common noun for product description purposes. b. Distinctive Product Features: The Defendants' Smiling Face Hoop Earrings, exemplified by the attached images (file 2), distinctly feature a smiling face with three black lines and small lines at the corners of the mouth, differentiating them from Emoji Company GmbH's offerings. c. Limitation of Trademark Rights: To the best of my knowledge, the Plaintiff initially submitted the lawsuit to the United States Northern District Court of Illinois on October 16, 2023, and filed a trademark application for the jewelry sector on October 19, 2023, as evidenced on www.uspto.gov (US Serial Number: 98230525). However, as of December 1 (the date the defendant was first notified about the complaint), the status of trademark number 98230525 was pending, rendering it ineffective for jewelry. In other words, this confirms that Emoji Company GmbH's trademark rights were restricted to non-jewelry categories as of December 1, 2023. Since the listing with 'emoji'-used earrings was removed from Amazon on November 15, 2023, as indicated in the attached confirmation email from Amazon (file 3), the Defendant asserts that the earrings fell outside the scope of the Plaintiff's trademark protection. In summary, the products exhibit distinctive features, the term "emoji" was used in its general sense. Furthermore, at the time of filing the lawsuit and the application for a preliminary injunction, the plaintiff did not have trademark rights effective in the jewelry sector. Moreover, considering that the disputed products were removed on November 15, the claims of trademark infringement made by the plaintiff are unwarranted. Secondly, Misrepresentation of Origin: Plaintiff's claims that defendants are accused of inaccurately labeling the origin of counterfeit products, leading to consumer confusion and instigating legal action for misrepresentation of origin. The earrings were handmade by the Defendant, operating a store on Amazon named "Moru Studio." All of our products on Amazon including the earrings, the accurate origin, "South Korea", was clearly specified, debunking claims of misrepresentation. Thirdly, Deceptive Trade Practices Violation: The Plaintiff contends that the Defendants misled consumers into perceiving their online store as an official sales

channel of the Plaintiff through deceptive means such as imitating website layouts, logos, and payment methods. However, there is no evidence to suggest that the Defendant has engaged in the sale or distribution of counterfeit products bearing Emoji Company GmbH's trademarks. The attached document of Moru Studio shop front page (file 4) clearly demonstrate that the Defendant operates under the distinct brand name "Moru Studio". a. Identity Transparency: The Defendant operates a single online store, transparently disclosing the proprietor's identity as Rosa Lee, in accordance with all legal requirements. Attached screenshots further validate consistent identity on the market place (file 5). b. Amazon Compliance: In adherence to the recent INFORM Consumers Act, the Defendant submitted comprehensive personal information to Amazon for verification, including name, government-issued identification, business address, bank details, email, phone number, and tax identification. Verification completion and ongoing Amazon account health rate are evidenced in the attached documentation (file 6). If necessary, the Defendant is willing to request verification completion documentation from Amazon and submit it as proof under the INFORM Consumers Act. c. Positive Feedback from Customers: On April 21, 2016, the Defendant first opened the Amazon store to sell products (file 7). The Defendant have been operating an Amazon store for the past eight years, building relationships with customers and maintaining transparent transactions, resulting in positive reviews and feedback, as evidenced by file 8. The Defendant has consistently adhered to all relevant trade practices for the past 8 years and has not engaged in deceptive trade practices, any other legal disputes, or conducting secretive transactions by hiding one's identity, as alleged by Emoji Company GmbH. Lastly, the Defendant's total sales from the relevant product (Amazon ASIN: B0BRJ4D5XX), inclusive of shipping charges, amount to $78 USD, as shown in the attached screenshot (file 9). Considering the modest sales figures and the limited impact on prominence, it is crucial to carefully evaluate the alleged trademark infringement. It is also important to note that the listings in question had been removed on November 15, predating the Plaintiff's initial legal notice of December 21st. Despite having already removed the listings, the plaintiff submitted a complaint against us on Amazon, resulting in the Defendant not receiving any funds since December 1st. The Defendant's Amazon account is the sole business, and the hold on it has caused significant financial difficulties. Your consideration of this matter would be greatly appreciated. In light of this incident, I, the Defendant, acknowledge that 'emoji' is a registered trademark, and I am aware of its legal status. I hereby commit that, moving forward, I will refrain from using the term 'emoji' in any manner that may infringe upon or violate its trademark rights. The Defendant kindly requests that the Court consider the Defendant's objections and takes them into account when making a decision regarding the preliminary injunction. I have uploaded all relevant documents via a link below to provide supporting evidence for my claims. If the Court requires any further information or clarification, I am more than willing to provide it promptly. Link via WeTransfer: https://we.tl/t-HurhnXDVrM Thank you for your attention to this matter. I trust that the court will carefully consider the objections and evidence presented in reaching a fair decision. Sincerely, Rosa Lee Morustudio@gmail.com 8 Baekseokdong 1-gil Jongno-gu Seoul South Korea

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.